IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PARASTU SHARIFI, | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| AMERICAN RED CROSS, et al., | : | |
| *Defendants.* | : | NO. 21-cv-02873 |

# MEMORANDUM

**Kenney, J.**                                                                 **June 21, 2022**

## I.   BACKGROUND

Before the Court is *pro se* Plaintiff Parastu Sharifi's Motion for Leave to Amend her Second Amended Complaint. ECF No. 49. As this opinion is written for the parties, the Court will dispense with a full recitation of the facts.

## II.  DISCUSSION

"Federal Rule of Civil Procedure 15(a) sets forth the general principles governing amendment of pleadings." *Elf Atochem N. Am., Inc. v. United States*, 161 F.R.D. 300, 301 (E.D. Pa. 1995). "[A] motion for leave to amend a complaint are addressed to the sound discretion of the district court." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001). Factors in denying leave to amend a complaint include, undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of

1

allowance of the amendment, futility of amendment, among others. *See Lorenz v. CSX Corp.,* 1 F.3d 1406, 1413 (3d Cir. 1993); *Cureton*, 252 F.3d at 273 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)) ("A district court may deny leave to amend a complaint if a plaintiff's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the opposing party.").

First, the Court finds Plaintiff is engaging in dilatory tactics in submitting this Motion for Leave to Amend her complaint for the third time. "Tactical decisions and dilatory motives may lead to a finding of undue delay." *Leary v. Nwosu,* No. Civ.A.05–5769, 2007 WL 2892641, at *4 (E.D.Pa. Oct. 2, 2007). There are two Motions to Dismiss pending since April 6, 2022 (ECF Nos. 41, 42). The original deadline for response was April 20, 2022. When Plaintiff did not file any response, the Court elected to provide Plaintiff additional time to respond, in deference to her *pro se* status, extending the missed deadline to May 11, 2022. ECF No. 44. On May 4, 2022, Plaintiff filed a Motion for Extension of Time to Respond to the Motions to Dismiss (ECF No. 45), which was granted, and the Court provided Plaintiff with a new deadline of June 8, 2022 (ECF No. 46). On June 7, 2022, Plaintiff filed another Motion for Extension of Time to Respond to the Motions to Dismiss (ECF No. 47), which was granted in part, and the Court provided Plaintiff with a new deadline of June 15, 2022 (ECF No. 48). Plaintiff has thus far been given more than two months to respond to the pending Motions to Dismiss or seek leave to file a Third Amended

Complaint. Now, on June 15, 2022, the deadline for Plaintiff's response, she asks the Court for leave to file a Third Amended Complaint, without identifying any novel justification for the Court to grant yet another amended pleading and another extension of time.

Furthermore, Plaintiff provides no justification for the fact that it took almost a year for her to request to amend her complaint for this purpose.[1] "When a party filing a motion to amend has no adequate explanation for the delay, untimeliness can be a sufficient reason to deny leave to amend." *Doltz v. Harris & Assocs.*, 280 F. Supp. 2d 377, 392 (E.D. Pa. 2003). "Implicit in the concept of 'undue delay' is the premise that Plaintiffs, in the exercise of due diligence, could have sought relief from the court earlier." *Synthes, Inc. v. Marotta*, 281 F.R.D. 217, 225 (E.D. Pa. 2012) (internal citation omitted). There are no claims asserted in the Motion for Leave that could not have been asserted in the Complaint filed June 24, 2021 (ECF No. 1), the First Amended Complaint filed November 2, 2021 (ECF No. 16), or the Second Amended Complaint filed March 23, 2022 (ECF No. 33). *See Elf Atochem N. Am., Inc. v. United States*, 161 F.R.D. 300, 302 (E.D. Pa. 1995)

---

[1] While the Court notes that "[t]he passage of time, without more, does not require that a motion to amend a complaint be denied; however, at some point, the delay will become 'undue,' placing an unwarranted burden on the court." *J.E. Mamiye & Sons, Inc. v. Fidelity Bank,* 813 F.2d 610, 614 (3rd Cir.1987) (internal citations and marks omitted). "[w]hether delay is undue depends on the facts and circumstances of the case." *Synthes, Inc. v. Marotta*, 281 F.R.D. 217, 225 (E.D. Pa. 2012) (internal citations omitted).

("[Plaintiff's] Motion to Amend is untimely because [the proposed amendment] was a claim obvious from the start, if not from before the start of this litigation.").

The Court finds that repeated requests to amend the complaint have delayed discovery and any substantive progress on this case and that this delayed request for a Third Amended Complaint was filed after "an inordinate period of time has elapsed since [P]laintiff[] first filed this action in" June 2021. *Ross v. Jolly,* 151 F.R.D. 562, 565 (E.D. Pa. 1993) (denying motion for leave to amend complaint filed eight months after the filing of the first amended complaint).

In addition, the Court dismissed many of Plaintiff's claims (some with and some without prejudice) in an Order dated January 12, 2022 (ECF No. 23) and the Court gave Plaintiff an opportunity to cure deficiencies from her First Amended Complaint. Plaintiff attempted to do so in her Second Amended Complaint. However, the Second Amended Complaint is similar in its factual and legal assertions as the First Amended Complaint. Based on the proposed amendment in Plaintiff's Motion for Leave, the Court finds it unlikely that permitting a Third Amended Complaint, based on the same factual circumstances as the prior iterations, would cure deficiencies by amendments previously allowed.

Finally, Plaintiff's proposed additional claim is likely futile. "An amendment is futile when it fails to state a claim upon which relief can be granted, or advances a claim or defense that is legally insufficient on its face." *Cot'n Wash, Inc. v. Henkel*

4

*Corp.*, 56 F. Supp. 3d 613, 622 (D. Del. 2014) (internal citation and marks omitted). "[A] proposed amendment is not futile [where it] would withstand a motion to dismiss." *Free Speech Coal., Inc. v. Attorney Gen. of U.S.,* 677 F.3d 519, 545 (3d Cir. 2012); *Synthes*, 281 F.R.D. at 229 ("The futility analysis on a motion to amend is essentially the same as a Rule 12(b)(6) motion.").

Plaintiff seeks to amend to include a violation of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 215(a)(3) based on her claim for wrongful termination. The FLSA retaliation provision states it is unlawful, "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee[.]" 29 U.S.C. § 215. The Court previously found that Plaintiff cannot bring a claim under the FLSA against the union because the FLSA definition of "employer" expressly excludes labor organizations. 29 U.S.C.§ 203(d). ECF No. 22 at 10. As to Plaintiff's employer, the American Red Cross ("ARC"), most of Plaintiff's complaints made prior to her termination related to inquiries about promotions and discipline for lateness and did not have any connection to protected FLSA activity. ECF No. 33. Most of those complaints also went to the union and not ARC. Only the alleged December 18, 2019 complaint regarding lack of compensation for "off the clock" work related phone calls is at all

5

related to protections under the FLSA, though Plaintiff herself admits ARC was considering termination before that time and she never identified the actual time and amount of unpaid wages from these calls. Plaintiff was terminated on or about February 11, 2020 and there is no assertion in Plaintiff's three prior statement of facts that she complained about unpaid travel time or unpaid overtime compensation to ARC prior to termination.

"An FLSA retaliation claim requires a plaintiff to prove, among other things, that the employer took an adverse action either after or contemporaneous with the employee's protected activity." *Berrada v. Cohen*, 792 F. App'x 158, 164 (3d Cir. 2019) (internal citation and marks omitted). The purpose of the provision is to encourage employees to report alleged violations of FLSA's substantive provisions without fear of retaliation, not to protect employees who are terminated for other reasons (whether it be for cause or discriminatory reasons) who later allege FLSA violations. *See e.g.*, *Darveau v. Detecon, Inc.*, 515 F.3d 334, 341 (4th Cir. 2008); *Onken v. W.L. May Co.*, 300 F. Supp. 2d 1066 (D. Or. 2004). Plaintiff has not alleged in nearly a year of litigation and three versions of her complaint that ARC acted adversely against her in connection with her compensation related complaints, either as a current or former employee. The facts have not changed, and Plaintiff did not suddenly discover factual circumstances that she was previously unaware of and could not plead sufficiently in prior complaints. Therefore, based on all the facts and

circumstances alleged to the Court and contained in the Motion for Leave to Amend, the Court finds any amendment would likely be futile since there is no indication of contemporaneous or connected retaliation from ARC due to Plaintiff's FLSA complaints.

## III. CONCLUSION

For all the facts and circumstances identified above, the Court denies Plaintiff's Motion to Amend her complaint for the third time.

**BY THE COURT:**

**/s/ Chad F. Kenney**
_____
**CHAD F. KENNEY, JUDGE**