IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PARASTU SHARIFI**, *Plaintiff*, | : : : | **CIVIL ACTION** No. 21-2873 |
| v. | : : | |
| **AMERICAN RED CROSS, et al.**, *Defendants*. | : : : : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                                       **August 1, 2022**

### I.     INTRODUCTION

Before the Court is Defendant American Red Cross' ("ARC") Partial Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim, and Defendant Health Professional and Allied Employees' ("HPAE") Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim. Def. ARC's Mot. to Dismiss, Apr. 6, 2022, ECF No. 41 & Def. HPAE's Mot. to Dismiss, Apr. 6, 2022, ECF No. 42.

### II.    STATEMENT OF FACTS

The Court provided a detailed recitation of the facts of this case in its prior Order dated January 12, 2022, granting in part and denying in part Defendants' Motions to Dismiss Plaintiff's First Amended Complaint. Mem. Supp. Ct. Order, Jan. 12, 2022, ECF No. 22.  The Court writes for the benefit of the parties, who are now well-versed in the facts and will only provide a summary of the facts here.

 Plaintiff Parastu Sharifi, an Iranian woman over the age of 40, brings this action *pro se* against her former employer ARC, and her former labor union HPAE, for violations of state and federal labor laws and federal discrimination laws. Second Amended Complaint, ECF No. 33 ("2d

1

Am. Compl."). Plaintiff was employed as a mobile phlebotomist for Defendant ARC from September 17, 2019 until her termination on February 11, 2020. *Id.* ¶¶8, 25. Plaintiff claims that Defendant ARC undercompensated her, denied her promotions, subjected her to a hostile work environment, and unfairly discharged her based on her age, gender, and national origin. In addition, Plaintiff claims that Defendant HPAE, who serves as the collective bargaining representative for ARC employees, failed to file grievances on her behalf and discriminated against her based on her national origin.

Plaintiff alleges that Defendant ARC undercompensated her for the time she spent driving to and from blood drives. 2d Am. Compl. ¶¶34-60. She claims that the collective bargaining agreement that governed her employment stated that mobile phlebotomists were to be paid on a per mile basis regardless of actual time spent driving. *Id.* ¶16. Plaintiff avers that because she spent much of her driving time in traffic or on low-speed limit streets, her actual hours spent driving did not match her hourly pay. *Id.* Plaintiff adds that she spent five to seven unpaid hours per week driving for the benefit of ARC. *Id.* ¶47. Plaintiff cites three specific examples of commutes in which she was allegedly undercompensated for the number of hours spent driving. *Id.* ¶¶44-45; Pl.'s Ex. 2, ECF No. 34; Pl.'s Ex. 3, ECF No. 34-1; Pl.'s Ex. 4, ECF No. 34-2. Plaintiff alleges that running blood drives at schools and offices directly benefits ARC by reducing the cost of blood collection as compared to "Fixed Blood Centers." 2d Am. Compl. ¶56. Plaintiff claims that Defendant ARC subtracted twenty miles per day from Plaintiff's actual miles driven for purposes of compensation because these miles were considered "travel to and from home miles." *Id.* ¶¶43, 51. Plaintiff asserts that for employees hired before September 30, 2011, driving time is considered working hours when calculating overtime pay. *Id.* ¶48. Because Plaintiff was hired after this date, she contends that her driving time was not considered when calculating her overtime pay. *Id.*

Plaintiff alleges that she was discriminatorily discharged and denied promotions by Defendant ARC. *Id.* ¶¶61-68. Plaintiff avers that her supervisor disqualified her from a promotion after she inquired about it. *Id.* ¶¶18-19. Plaintiff claims that on October 23, 2019, she learned that this promotion was given to a "beautiful 24 years old newly hired female" who ARC District Manager ("DM") Khan found "to be nice." *Id.* ¶23. Plaintiff alleges that when she inquired about this hiring, DM Khan and her supervisor Brian Carey called her into a meeting where they intimidated and harassed her. *Id.* ¶25.

Plaintiff also alleges that she was publicly reprimanded by her supervisor Mr. Carey for repeated lateness in a meeting at a rest stop off the New Jersey Turnpike. 1st Am. Compl., ECF No. 16 ¶19. Regarding this meeting, Plaintiff alleges, without additional information, that HPAE Rep. Marcus Presley remarked that "he could not recall any other mobile phlebotomist being disciplined this aggressively for a few minor tardiness." 2d Am. Compl. ¶20. Plaintiff asserts that on December 18, 2019, DM Khan disciplined her for being twenty minutes late to work when Plaintiff was only thirteen minutes late. *Id.* ¶26. Plaintiff alleges that DM Khan disciplined her again on January 19, 2020, and similarly exaggerated her lateness. *Id.* ¶27. Plaintiff further alleges generally that DM Khan was stricter about Plaintiff's punctuality than he was with other ARC employees. *Id.* Plaintiff was terminated on February 11, 2020. *Id.* ¶25. Plaintiff alleges that at the time of her termination she did not have a donor's complaint on her record, a job performance warning, nor was she even evaluated by a supervisor who could document a job performance issue. *Id.* ¶25.

In addition, Plaintiff alleges that Defendant HPAE discriminatorily refused to process grievances on her behalf. Plaintiff claims that she contacted three HPAE Representatives with requests to file grievances and that no grievances were ever filed on her behalf. *Id.* ¶¶21, 28.

Plaintiff claims that HPAE Rep. Lisa Scaramuzzo, who Plaintiff alleges was in a romantic relationship with an ARC supervisor, influenced HPAE Co-President Timothy Posser and the other HPAE Reps. to not file Plaintiff's grievances. *Id.* ¶30.

### III. PROCEDURAL HISTORY

On June 24, 2021, Plaintiff filed a Complaint in the United States District Court for the Eastern District of Pennsylvania against Defendants ARC, HPAE, Gabe Encarnacion, Brian Carey, Hammad Khan, and Lisa Scaramuzzo. Compl., ECF No. 1. On October 18, 2021, Defendants filed Motions to Dismiss for Failure to State a Claim.  Def. ARC *et al*. Mot. to Dismiss, Oct. 18, 2021, ECF No. 13. & Def. HPAE's Mot. to Dismiss, Oct. 18, 2021, ECF No. 14. Plaintiff then filed a First Amended Complaint on November 2, 2021, against Defendants ARC, HPAE, Brian Carey, Gabe Encarnacion, and Lisa Scaramuzzo. 1st Am. Compl., ECF No. 16. The Court then dismissed Defendants' Motions to Dismiss as moot. Ct. Order, Nov. 4, 2021, ECF No. 18.

On November 16, 2021, Defendants filed Motions to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim. Def. ARC et al. Mot. to Dismiss, Nov. 16, 2021, ECF No. 19 & Def. HPAE's Mot. to Dismiss, Nov. 16, 2021, ECF No. 20. On January 12, 2022, the Court granted in part and denied in part those Motions. Ct. Order, Jan. 12, 2022, ECF No. 23. The Court dismissed with prejudice as to HPAE and without prejudice as to ARC Count One of Plaintiff's First Amended Complaint alleging a violation of the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA"). Ct. Order, Jan 12, 2022.

The Court dismissed without prejudice the Age Discrimination in Employment Act ("ADEA"), and 42 U.S.C § 1981(a) (based on national origin) claims against ARC and allowed Count Two of Plaintiff's First Amended Complaint alleging intentional discrimination, failure to

promote, and wrongful discharge in violation of Title VII of the Civil Rights Act of 1964 (based on national origin and gender). 1st Am. Compl. ¶¶40-46.

The Court dismissed with prejudice Plaintiff's Title VII (based on gender) and ADEA claims against Defendant HPAE and dismissed without prejudice her Title VII (based on national origin) and Section 1981 claims.[1] Ct. Order, Jan. 12, 2022. The Court found that Plaintiff had not exhausted administrative remedies against Defendant HPAE, therefore her Title VII claim based on gender could not proceed. Mem. Supp. Ct. Order at 13-14, Jan. 12, 2022, ECF No. 22. The Court instructed Plaintiff to allege specific facts connecting Defendant HPAE to alleged discriminatory conduct to cure her Title VII claim based on national origin. *Id.* at 14-15.

The Court dismissed with prejudice as to all Defendants Count Three of Plaintiff's First Amended Complaint alleging a violation of the Federal Wiretapping Act and Pennsylvania Wiretapping Law and Count Four alleging intentional and negligent infliction of emotional distress. Ct. Order, Jan. 12, 2022. The Court dismissed Count Two of the First Amended Complaint with prejudice against all individually named defendants as the statutes in question do not provide for individual employee liability. Ct. Order, Jan. 12, 2022; Mem. Supp. Ct. Order at 17, Jan. 12, 2022.

On March 23, 2022, Plaintiff filed a Second Amended Complaint against Defendants ARC and HPAE. 2d Am. Compl. Defendants ARC and HPAE filed Motions to Dismiss for Failure to State a Claim on April 6, 2022. Def. ARC's Mot. to Dismiss, Apr. 6, 2022 & Def. HPAE's Mot.

---

[1] The Court's Order granted Defendant HPAE's Motion to Dismiss Plaintiff's Section 1981 claim against it without prejudice, but the Court's Memorandum in Support of the Order stated that the claim was dismissed with prejudice. Ct. Order, Jan. 12, 2022; Mem. Supp. Ct. Order at 17. Because of the confusion caused by this inconsistency, the Court will treat the claim as dismissed without prejudice.

to Dismiss, Apr. 6, 2022. After requesting and being given multiple extensions, Plaintiff failed to respond to the Motions to Dismiss.

## IV. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). The Court will grant a motion to dismiss if the factual allegations do not "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010)) (internal quotation marks omitted). To plead a facially plausible claim the plaintiff must plead factual content that allows the Court to draw the inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts as true the factual allegations contained in the complaint but disregards rote recitals of the elements of a cause of action, legal conclusions, and conclusory statements. *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012). In ruling on a motion to dismiss, the Court considers only "the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 772 (3d Cir. 2013).

A *pro se* litigant's complaint is held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Courts have a duty to construe pleadings liberally and apply the applicable law, irrespective of whether a *pro se* litigant has mentioned the law by name. See *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013).

V.   DISCUSSION

   A.  Plaintiff's Title VII Claim Against Defendant HPAE

Defendant HPAE claims that Plaintiff's Second Amended Complaint does not establish a nexus between HPAE's actions and any alleged discrimination. Def. HPAE's Br. Supp. Mot. to Dismiss at 4, ECF 42-1. Plaintiff failed to provide any response in opposition to the Motion to Dismiss.

The Court previously dismissed Plaintiff's Title VII claim against Defendant HPAE without prejudice stating Plaintiff "fails to plead any facts connecting the Union to the alleged discriminatory conduct." Further, in her EEOC charge, Plaintiff's only basis for believing that the Union was discriminating against her in not filing a grievance on her behalf was purely speculative and lacked any factual foundation. Mem. Supp. Ct. Order at 14-15, Jan. 12, 2022.

In her Second Amended Complaint, Plaintiff again alleges broadly that Defendant HPAE engaged in unlawful discrimination when it failed to process grievances on her behalf. In her EEOC charge against HPAE, Plaintiff makes the conclusory claim that HPAE Representatives chose not to file these grievances because of Plaintiff's national origin. Mem. Supp. Ct. Order at 26, Jan. 12, 2022. Defendant HPAE alleges that Plaintiff fails to cure the defect. Def. HPAE's Br. at 4. The Court agrees. Even if additional facts had been alleged in Plaintiff's Second Amended Complaint, a union has wide discretion over whether and how to process an employee's grievance. *Raczkowski v. Empire Kosher Poultry*, 185 F. App'x 117, 118 (3d Cir. 2006). In order to plausibly allege an inference of intentional discrimination, a plaintiff must either claim "similarly situated employees who ... were not members of the same protected class ... were treated more favorably under similar circumstances" or allege facts that "otherwise show[ ] a causal nexus between [the plaintiff's] membership in a protected class and the adverse employment action." *Hukman v.*

*Commc'n Worker of Am.*, 2017 WL 3620000, at *3 (E.D. Pa. Aug. 23, 2017) (quoting *Greene v. Virgin Islands Water & Power Auth.*, 557 F. App'x 189, 195 (3d Cir. 2014)). Plaintiff does not allege any facts in her Second Amended Complaint that give rise to an inference of intentional discrimination by Defendant HPAE. Plaintiff does not make comparisons to similarly situated employees of another national origin, nor does she allege any facts that connect HPAE's conduct to Plaintiff's national origin. Therefore, Plaintiff's Title VII claim against Defendant HPAE fails to state a claim upon which relief may be granted and the Court dismisses it with prejudice.

### B. Plaintiff's Title VII Claim Regarding Promotions Against Defendant ARC

Defendant ARC claims that Plaintiff's Title VII failure to promote claim is time barred. Title VII establishes that a claim of discrimination must be filed with the EEOC within 300 days of the alleged conduct. 42 U.S.C. § 2000e-5(e)(1). Plaintiff failed to provide any response in opposition to this claim.

Plaintiff learned she had been denied promotion on October 23, 2019. 2d Am. Compl. ¶23. Plaintiff filed her EEOC complaint on December 14, 2020, 418 days after she became aware of the allegedly unlawful discrimination. Mem. Supp. Ct. Order. at 24, Jan. 12, 2022. In Pennsylvania, individuals may file a Title VII charge with the EEOC within 300 days of the alleged unlawful employment action. *See Davis v. Calgon Corp.*, 627 F.2d 674, 675 (3d Cir. 1980). [2] "[D]iscrete discriminatory acts are not actionable if time barred even if they are related to acts

---

[2] Title VII establishes that all EEOC charges made under the statute must be filed within 180 days of the alleged unlawful employment action. 42 U.S.C. § 2000e-5(e)(1). An exception is made for states with agencies capable of granting relief from federally prohibited employment discrimination, also known as "deferral states." In these states, the statute of limitations on filing EEOC charges is extended to 300 days. The text of 42 U.S.C. § 2000e-5(e)(1) states that the exception will only apply when "the person aggrieved has initially instituted proceedings with a State or local agency." *Id.* The Third Circuit has recognized this language as abrogated by 29 C.F.R. § 1601.13(a)(4)(i), which allowed the EEOC to initiate filings in the state on the complainant's behalf. *See Colgan v. Fisher Sci. Co.*, 935 F.2d 1407, 1414-15 (3d Cir. 1991) (applying the 300-day statutory period regardless of whether the plaintiff made an initial state filing).

alleged in timely filed charges." *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 165 (3d Cir. 2013) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)). Examples of discrete acts include "termination [and] failure to promote." *Morgan*, 536 U.S. at 114.

Plaintiff's EEOC charge makes claims of both wrongful termination and failure to promote. Mem. Supp. Ct. Order at 24-25, Jan. 12, 2022. Because the two claims are discrete actions, Plaintiff's timely filing of her wrongful termination claim cannot be used to supersede the untimely filing of her failure to promote claim. Therefore, Plaintiff's EEOC charge was filed outside of the statutory timeframe and the failure to promote claim should be dismissed. Def. ARC's Mem. Supp. Mot. to Dismiss at 4, ECF No. 41-1.

### C. Plaintiff's Age Discrimination Claim Against Defendant ARC

Defendant ARC moves to dismiss Plaintiff's ADEA claim on two grounds: (1) Plaintiff's failure to promote claims are time barred because she did not file her EEOC charge in a timely manner, and (2) Plaintiff did not plead facts that show she was qualified for the promotions she sought.[3] Def. ARC's Mem. at 5. Plaintiff failed to provide any response in opposition to these grounds for dismissal.

Similar to the Title VII requirements, ADEA requires employees to file a charge with the EEOC within 300 days of the unlawful employment action. 29 U.S.C. 626 § (d)(1). A failure to promote claim filed outside of this statutory period is time barred, therefore Plaintiff's claims against Defendant ARC under the ADEA are time barred. *See* discussion s*upra* at 8-9.

---

[3] Plaintiff's Second Amended Complaint states that she was denied multiple promotions but identified only one promotion in any detail. 2d Am. Compl. ¶¶61-68.

However, even if Plaintiff had filed her EEOC charge in a timely manner, she fails to state a claim under ADEA upon which relief may be granted. In order to make a prima facie case under the ADEA, Plaintiff must plead that "(1) that the plaintiff was forty years of age or older; (2) that the defendant took an adverse employment action against the plaintiff; (3) that the plaintiff was qualified for the positions in question; and (4) that the plaintiff was ultimately replaced by another employee who was sufficiently younger to support an inference of discriminatory animus." Mem. Supp. Ct. Order at 15, Jan. 12, 2022 (citing *Smith v. City of Allentown*, 589 F.3d 684, 689–91 (3d Cir. 2009)). Plaintiff alleges that Defendant ARC has engaged in a pattern of discriminatory hiring and promoting based upon certain ages and looks and that she was denied the opportunity to apply for promotions, which were instead granted to "young and good looking employees in their 20[s]." 2d Am. Compl. ¶¶66, 62. Plaintiff also alleges that DM Khan disqualified her from these promotions because he "hated working with boring older people." *Id.* ¶33.

The Court previously found that Plaintiff sufficiently pled elements one, two, and four above, but found that Plaintiff did not provide any support that she was qualified for the promotions she sought. *Id.* at 15-16. Therefore, the Court dismissed Plaintiff's ADEA claim without prejudice. Ct. Order, Jan. 12, 2022. Similarly, Plaintiff's Second Amended Complaint contains no facts to show that she was qualified for the positions she sought. There is no description of the responsibilities required for those positions or Plaintiff's qualifications. Beyond Plaintiff's role as a mobile phlebotomist, there is no mention of Plaintiff's contributions to the company or her experience relevant to the promotions. Plaintiff was given an opportunity to provide those facts in her Second Amended Complaint and yet none have been included. It is the Court's conclusion that providing a third opportunity for Plaintiff to amend her ADEA claim is not efficient nor necessary. Accordingly, Plaintiff's ADEA claim against Defendant ARC is dismissed with prejudice.

### D. Plaintiff's Section 1981 Claims Against All Defendants

Defendant ARC moves to dismiss Plaintiff's Section 1981 claim because Plaintiff did not plead facts connecting her ancestry or ethnic characteristics with the alleged discriminatory conduct. Def. ARC's Mem. at 6. Defendant HPAE also moves to dismiss Plaintiff's Section 1981 claim because Plaintiff did not plead any facts that link HPAE's conduct with the alleged discrimination. Def. HPAE's Br. at 4-5. Plaintiff failed to provide any response in opposition.

Section 1981 does not offer protection against national origin-based discrimination. Mem. Supp. Ct. Order at 16, Jan. 12, 2022. The Court previously held that for Plaintiff to make a claim under Section 1981, she should plead facts connecting her alleged discrimination with her particular ancestry or ethnic characteristics. *Id.* at 17. Because Plaintiff did not plead these facts, the Court dismissed her Section 1981 claim against Defendant ARC without prejudice. Ct. Order, Jan. 12, 2022. The Court also dismissed the Section 1981 claim against Defendant HPAE because Plaintiff relied on speculation and conclusory statements, none of which linked HPAE's conduct to discrimination. Mem. Supp. Ct. Order at 17, Jan. 12, 2022.

Defendant ARC asserts in its Motion to Dismiss that Plaintiff yet again failed to include such facts in her Second Amended Complaint. Def. ARC's Mem. at 6. Defendant ARC claims that Plaintiff makes only one reference to her ancestry or ethnic characteristics when she claims that she is a "Middleeastern (sic) female born in Iran." *Id.* (quoting 2d Am. Compl. ¶1). Defendant ARC alleges that this single line is not sufficient to form the basis of a Section 1981 claim and urges the Court to dismiss Plaintiff's Section 1981 claim with prejudice. *Id.* Similarly, Defendant HPAE asserts that the Court's reasoning in its prior Order applicable again to Plaintiff's Section 1981 claim in the Second Amended Complaint. Def. HPAE's Br. at 4-5.

The Court finds again that the Section 1981 claim as to both Defendant ARC and Defendant HPAE in Plaintiff's Second Amended Complaint focuses on national origin instead of ancestry or ethnic characteristics and, regardless, provides only conclusory statements of discrimination as opposed to well-plead facts. Even if Plaintiff's proffered description that she is "Middleeastern (sic)" were sufficient to identify specific ancestry or ethnic characteristics, which it is not, Plaintiff did not plead facts that would connect this status to Defendant ARC or Defendant HPAE's conduct. Plaintiff must allege a causal nexus between the conduct of HPAE and Plaintiff's membership in a protected class. *See supra* at 7-8. Therefore, Plaintiff's Section 1981 claims against Defendant ARC and Defendant HPAE are dismissed with prejudice.

## IV.  CONCLUSION

For these reasons, Defendant ARC's Partial Motion to Dismiss and Defendant HPAE's Motion to Dismiss are granted and the claims addressed herein are dismissed with prejudice.

BY THE COURT:

/s/ Chad F. Kenney
_____
**CHAD F. KENNEY, JUDGE**