IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PARASTU SHARIFI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN RED CROSS,<br><br>　　　　　Defendant. | Civil Action No. 2:21-cv-02873 |

**REPORT OF RULE 26 (f) MEETING**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred via telephone on August 25, 2022 and submit the following report of their meeting for the Court's consideration:

**I.　　Discussion of Claims, Defenses and Relevant Issues**

　　A.  Plaintiff's Statement of the Case

The statute of limitations for a minimum-wage or overtime violation under the Fair Labor Standards Act (FLSA) is generally two years, but extends to three years if a jury finds that an employer willfully violated the statute. Plaintiff asserts that Defendant ARC in this case has willfully and repeatedly violated the Fair Labor Standard Act and overtime pays. Plaintiff maintains that not also the defendant did not fully paid her for the time she had to spend travelling to different locations assigned to her by the defendant, but also defendant has willfully failed to consider her traveling time, even for those traveling time calculated by the employer, as work time for the purpose of overtime pay. Plaintiff was relying on the employer's reputation as a humanitarian organization to not violate her rights. The proper calculation of damages and appropriate compensation depend to

defendant's full cooperation with the Plaintiff's discovery demands. Plaintiff will file a motion for Summary Judgment at the appropriate time, accordingly.

      B. Defendant's Statement of the Case

Defendant contests that Plaintiff is due any compensation for what, as it can glean from the second amended complaint, is non-compensable travel to work (as stated in the second amended complaint at par. 14, "driving from home to the different locations assigned"). To the extent Plaintiff's wage claims expand beyond such allegations (which Defendant will clarify during discovery, as Plaintiff makes non-specific unpaid overtime claims), Defendant maintains that she was paid in accordance with applicable law, and, per her union contract, paid above and beyond what she was due. As this juncture, the compensability of the claimed time is the primary issue for which limited discovery will be required, to include the specific time claimed by Plaintiff, the basis and categorization of the claim, and her alleged damages. After completion of discovery, Defendant will file a motion for summary judgment pursuant to the schedule offered herein.

      C. Threshold Issues

The parties do not believe there are any threshold issues.

**II.  Informal Disclosures**

Per the Court's August 16, 2022 Defendant will have served its Rule 26(a) disclosures on Plaintiff on September 7, 2022.

**III.  Formal Discovery**

Per the Court's August 16, 2022 order, Defendant served initial interrogatories and document requests on Plaintiff on August 25, 2022. Defendant will be able to determine its need for additional formal written discovery and depositions after receipt of plaintiff's responses to its initial written discovery.

The parties do not believe discovery needs to be conducted in phases.

Plaintiff has served the defendant with her First Discovery Demand on September 5, 2022. Plaintiff agrees with the Propose Scheduling for Formal Discovery. In addition, Plaintiff reserve her rights to file a motion to extend any of time frame offered on this propose scheduling.

A. Proposed Schedule for Formal Discovery
  (1) Service of initial written discovery: served by Defendant on August 25, 2022
  (2) Factual Discovery to be completed by January 14, 2023
  (3) Plaintiff's Expert Report, if any, on or before February 14, 2023
  (4) Defendant's Expert Report, if any, on or before 30 days after Plaintiff's Expert Report
  (5) Expert discovery, including depositions, on or before 60 days after Plaintiff's Expert Report
  (6) Dispositive motions to be filed on or before May 14, 2023
  (7) Responses to dispositive motions to be filed on or before June 1, 2023

**IV.   Electronic Discovery**

The Parties anticipate that the only ESI to be discovered will be emails and that no special procedures will be necessary in their production.

**V.   Early Settlement or Resolution**

Defendant requested a demand from Plaintiff during the Rule 26 conference. Plaintiff indicated that she needed documentation of her hours worked and schedule during her employment and would provide a demand. The parties may be interested in engaging in an early settlement conference after close of discovery.

**VI.   Trial**

The parties propose a trial date no earlier than 60 days after a decision on dispositive motions. Plaintiff has requested a jury trial.

**VII.   Other Matters**
None.

Respectfully submitted,

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

*/s/ Jeffrey W. Larroca*
Tricia S. Springer
Jeffrey W. Larroca (*pro hac vice*)
213 Market Street, 8th Floor
Harrisburg, PA 17101
(717) 237-7189
tspringer@eckertseamans.com
jlarroca@eckertseamans.com

Attorneys for American Red Cross

Dated: September 8, 2022

_____
Parastu Sharifi
5 Winchester Drive
East Windsor, New Jersey 08520
(619) 748-8624
Plaintiff
parastu.sharifi74@gmail.com